**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONILDO ALGERIA HASKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, District Judge.  (CR-04-162)

Submitted:  January 6, 2006        Decided:  February 10, 2006

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronildo Algeria Haskins appeals his conviction on one count of possession with intent to distribute 53.6 grams of crack cocaine, one count of possession with intent to distribute 310.6 grams of marijuana, both in violation of 21 U.S.C. § 841 (2000), and one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), and the 240-month sentence imposed by the district court.  We affirm.

On appeal, counsel filed an Anders[1] brief in which he states that there are no meritorious issues for appeal, but suggests that the district court erred in denying Haskins's motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict, and that Haskins's sentence was unreasonable in light of United States v. Booker, 543 U.S. 220 (2005).  In a pro se supplemental brief, Haskins essentially repeats the arguments raised by counsel.

Haskins first argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support the jury's verdict.  A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  In determining whether the evidence in the record is

[1]Anders v. California, 386 U.S. 738 (1967).

substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). Our review of the record leads us to conclude that the evidence was sufficient to support the jury's verdict on each count of conviction.

Haskins also asserts that his sentence is unreasonable because his offense level was enhanced for obstruction of justice based upon his instruction to a witness to give false testimony about where he resided and how much time he spent at her apartment. Haskins argues that the enhancement was improper because obstruction of justice was not alleged in the indictment or found by the jury. "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir.

2005).  Because Haskins was sentenced post-Booker, the district court first calculated his Guideline[2] range.

The Guidelines provide for a two-level enhancement for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction."  USSG § 3C1.1. The commentary to the obstruction Guidelines includes unlawfully influencing a witness and suborning, or attempting to suborn, perjury.  USSG § 3C1.1, comment. (n.4).  Factual findings by the district court at sentencing, including those necessary for the imposition of an obstruction enhancement, are reviewed for clear error.  United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). We have reviewed the testimony in this case and conclude that the enhancement for obstruction of justice was appropriately imposed.

After calculating the appropriate Guideline range, the district court must then consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) and impose a sentence.  If a court imposes a sentence outside the Guideline range, the court must state its reasons for doing so.  Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47 (citations omitted).  Haskins's convictions of possession

_____

[2]U.S. Sentencing Guidelines Manual (USSG) (2004).

- 4 -

with intent to distribute crack cocaine and marijuana and possession of a firearm by a convicted felon exposed him to a statutory maximum sentence of life imprisonment. 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2005).

In this case the district court calculated the Guideline range, but appropriately treated the Guidelines as advisory. The court sentenced Haskins only after considering the sentencing Guidelines and the § 3553(a) factors, as instructed by Booker. Because the court imposed a sentence within the applicable Guideline range and that sentence is well within the statutory maximum, we conclude that the sentence of 240 months of imprisonment is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Haskins's conviction and sentence. This court requires that counsel inform Haskins, in writing, of the right to petition the Supreme Court of the United States for further review. If Haskins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Haskins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED